UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00099-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KODY RAY GIBBS, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Kody Ray Gibbs' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (Dkt. 45), the United States' Motion to Dismiss Pro Se Motion for Compassionate Release (Dkt. 48), Defendant's Motion for Extension of Time to File Reply (Dkt. 50), and Defendants Motion for the Court to Subpoena Medical Records (Dkt. 51). For the reasons that follow the Court will grant the Government's motion to dismiss the motion for compassionate release and deny the Defendant's motion for compassionate release without prejudice. The remaining motions are denied as moot.

## BACKGROUND

Gibbs pled guilty to possession of sexually explicit images of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). In November 2016, Defendant was

MEMORANDUM DECISION AND ORDER - 1

sentenced to 78 months in prison, to be followed by 15 years of supervised release.

Defendant claims that compassionate release is warranted in this case because he is not receiving adequate medical care while incarcerated. He claims that he submitted a request for compassionate release with the warden of several facilities. However, the Bureau of Prisons has no record of any compassionate release requests made by the Defendant. (Dkt. 48 at 2)

## ANALYSIS

Gibbs seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**MEMORANDUM DECISION AND ORDER - 2**

However, Gibbs has not exhausted his administrative remedies as required by § 3582(c)(1)(A). This is a bar to his motion. Accordingly, the Court will grant the Government's motion to dismiss and deny Gibb's motion for compassionate release without prejudice. Gibbs may refile a motion after fully exhausting the Bureau of Prison's administrative appeals process.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (Dkt. 45) is **DENIED** without prejudice.

2. The United States' Motion to Dismiss Pro Se Motion for Compassionate Release (Dkt. 48) is **GRANTED**.

3. Defendant's Motion for Extension of Time to File Reply (Dkt. 50) is **MOOT.**

4. Defendants Motion for the Court to Subpoena Medical Records (Dkt. 51) is **MOOT**.



DATED: December 3, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3